Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARTURO VALLE MENDOZA and MAIKEL MANUEL FELIX REYES, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

TSUMO FOOD LLC (D/B/A TSUMO OMAKASE), UME HOSPITALITY MANAGEMENT LLC (D/B/A UME HOSPITALITY GROUP), LINDA WANG, WEN JIE LIAN, and LIXIONG LIN

*Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

Plaintiffs Arturo Valle Mendoza ("Plaintiff Valle") and Maikel Manuel Felix Reyes ("Plaintiff Felix") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Tsumo Food LLC (d/b/a Tsumo Omakase), Ume Hospitality Management LLC (d/b/a Ume Hospitality Group) ("Defendant Corporations"), Linda Wang, Wen Jie Lian, and Lixiong Lin ("Individual Defendants") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants Tsumo Food LLC (d/b/a Tsumo Omakase), Ume Hospitality Management LLC (d/b/a Ume Hospitality Group), Linda Wang, Wen Jie Lian, and Lixiong Lin.

2. Defendants own, operate, or control a Japanese restaurant located at 132 East 28th Street, New York, New York 10016, under the name "Tsumo Omakase."

3. Upon information and belief, Individual Defendants Linda Wang, Wen Jie Lian and Lixiong Lin serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiffs were employed as dishwashers, cleaners, and porters at the restaurant located at 132 East 28th Street, New York, New York 10016.

5. Defendants paid Plaintiffs a fixed amount per shift that fell below the applicable New York City minimum wage for the hours they worked.

6. Plaintiffs regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked over 40.

7. Defendants failed to pay Plaintiff Valle any wages for his first two weeks of work.

8. Defendants paid Plaintiffs, who were manual workers, every two weeks rather than weekly, as required by the NYLL.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for unpaid minimum wages, overtime wages, and untimely paid wages and other violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the minimum wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, Part 146, including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District. Defendants maintain their restaurant at 132 East 28th Street, New York, New York 10016, in New York County, and Plaintiffs were employed by Defendants in this District.

## PARTIES

### *Plaintiffs*

15. Plaintiff Arturo Valle Mendoza is an adult individual residing in Kings County, New York.

16. Plaintiff Valle was employed by Defendants at Tsumo Omakase from approximately March 24, 2024 until on or about October 25, 2026.

17. Plaintiff Maikel Manuel Felix Reyes is an adult individual residing in Bronx County, New York.

18. Plaintiff Felix was employed by Defendants at Tsumo Omakase from approximately March 31, 2026 until on or about October 25, 2026.

19. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20. At all relevant times, Defendants owned, operated, or controlled a Japanese restaurant located at 132 East 28th Street, New York, New York 10016, under the name "Tsumo Omakase."

21. Upon information and belief, Tsumo Food LLC (d/b/a Tsumo Omakase) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 132 East 28th Street, New York, New York 10016.

22. Upon information and belief, Ume Hospitality Management LLC (d/b/a Ume Hospitality Group) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 6301 10th Avenue Suite 1C, Brooklyn, NY 11249.

23. Defendant Linda Wang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Linda Wang is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Upon information and

belief, Defendant Linda Wang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Wen Jie Lian is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Wen Jie Lian is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Upon information and belief, Defendant Wen Jie Lian possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Lixiong Lin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lixiong Lin is sued individually in his capacity as owner, manager and/or agent of Defendant Corporation. Defendant Lixiong Lin possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He set Plaintiffs work schedule, told them when to report to work and when they could leave, and paid them their wages.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26. Defendants operate a Japanese restaurant located at 132 East 28th Street, New York, New York 10016. Upon information and belief, Defendants also operate a second restaurant under the name "Tsumo," located at 782 Amsterdam Avenue, New York, New York 10025.

27. Individual Defendants Linda Wang, Wen Jie Lian and Lixiong Lin possess operational control over Defendant Corporation, and control significant functions of Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants Linda Wang, Wen Jie Lian and Lixiong Lin operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a company,

b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e. operating Defendant Corporation for their own benefit and maintaining control over this company as a closed company,

f. intermingling assets and debts of their own with Defendant Corporation,

g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h. other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34. In each year from 2024 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the

restaurant on a daily basis, such as seafood and other food products, cleaning supplies, and dishwashing chemicals, were produced outside the State of New York.

*Individual Plaintiffs*

36. Plaintiffs are former employees of Defendants who were employed as dishwashers, cleaners, and porters.

37. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Arturo Valle Mendoza*

38. Plaintiff Valle was employed by Defendants from approximately March 24, 2024 until on or about October 25, 2026.

39. Defendants employed Plaintiff Valle as a dishwasher and cleaner.

40. Plaintiff Valle regularly handled goods in interstate commerce, such as food products, cleaning supplies, and other supplies produced outside the State of New York.

41. Plaintiff Valle's work duties required neither discretion nor independent judgment.

42. Plaintiff Valle's work consisted of physical labor, and more than twenty-five percent of his working time was spent performing physical labor. Plaintiff Valle was a "manual worker" within the meaning of NYLL § 190(4).

43. Plaintiff Valle frequently worked in excess of 40 hours per week.

44. From approximately March 24, 2024 until on or about September 2024, Plaintiff Valle worked from approximately 5:00 p.m. until on or about 10:00 p.m. on Sundays, Tuesdays, and Wednesdays, and from approximately 2:00 p.m. until on or about 10:00 p.m. on Thursdays, Fridays, and Saturdays (typically 39 hours per week).

45. From approximately September 2024 until on or about June 2026, Plaintiff Valle worked from approximately 2:00 p.m. until on or about 10:00 p.m. five days a week, and from approximately 5:00 p.m. until on or about 10:00 p.m. one day a week (typically 45 hours per week).

46. From approximately July 2026 until on or about October 25, 2026, Plaintiff Valle worked from approximately 2:00 p.m. until on or about 10:00 p.m. on Thursdays and Fridays, and from approximately 5:00 p.m. until on or about 10:00 p.m. on Wednesdays (typically 21 hours per week).

47. In addition, Plaintiff Valle was required to remain at work approximately 15 minutes past his scheduled departure time on Tuesdays and Wednesdays, without compensation for that time.

48. Although Plaintiff Valle was scheduled for a 30-minute break each day, his breaks were regularly interrupted by his work duties.

49. Throughout his employment, Defendants paid Plaintiff Valle his wages in cash, every two weeks.

50. Defendants did not pay Plaintiff Valle any wages for his first two weeks of work, from approximately March 24, 2024 until on or about April 6, 2024.

51. From approximately April 2024 until on or about December 2025, Defendants paid Plaintiff Valle a fixed amount of $75 for each shift from 5:00 p.m. to 10:00 p.m., and $120 for each shift from 2:00 p.m. to 10:00 p.m.

52. From approximately January 2026 until on or about October 25, 2026, Defendants paid Plaintiff Valle a fixed amount of $90 for each shift from 5:00 p.m. to 10:00 p.m., and $135 for each shift from 2:00 p.m. to 10:00 p.m.

53. Plaintiff Valle's pay did not vary even when he was required to stay later than his scheduled shift.

54. Defendants never paid Plaintiff Valle overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

55. Defendants did not require Plaintiff Valle to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

56. In order to receive his pay, Defendants required Plaintiff Valle to sign a blank sheet of paper.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valle regarding overtime and wages under the FLSA and NYLL.

58. Defendants did not provide Plaintiff Valle an accurate statement of wages, as required by NYLL § 195(3).

59. Defendants did not give any notice to Plaintiff Valle, in English and in Spanish (Plaintiff Valle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60. As a result of Defendants' failure to provide Plaintiff Valle with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Maikel Manuel Felix Reyes*

61. Plaintiff Felix was employed by Defendants from approximately March 31, 2026 until on or about October 25, 2026.

62. Defendants employed Plaintiff Felix as a dishwasher and porter.

63. Plaintiff Felix regularly handled goods in interstate commerce, such as food products, cleaning supplies, and other supplies produced outside the State of New York.

64. Plaintiff Felix's work duties required neither discretion nor independent judgment.

65. Plaintiff Felix's work consisted of physical labor, and more than twenty-five percent of his working time was spent performing physical labor. Plaintiff Felix was a "manual worker" within the meaning of NYLL § 190(4).

66. From approximately March 31, 2026 until on or about September 25, 2026, Plaintiff Felix worked from approximately 2:00 p.m. until on or about 10:00 p.m., Tuesdays through Sundays (typically 45 to 48 hours per week).

67. From approximately September 26, 2026 until on or about October 25, 2026, Plaintiff Felix worked from approximately 2:00 p.m. until on or about 10:00 p.m. on Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays (typically 37.5 to 40 hours per week).

68. Throughout his employment, Defendants paid Plaintiff Felix his wages in cash, every two weeks.

69. From approximately March 31, 2026 until on or about August 15, 2026, Defendants paid Plaintiff Felix a fixed amount of $110 per day.

70. From approximately August 16, 2026 until on or about October 25, 2026, Defendants paid Plaintiff Felix a fixed amount of $115 per day.

71. Defendants never paid Plaintiff Felix overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

72. Defendants did not require Plaintiff Felix to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

73. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Felix regarding overtime and wages under the FLSA and NYLL.

74. Defendants did not provide Plaintiff Felix an accurate statement of wages, as required by NYLL § 195(3).

75. Defendants did not give any notice to Plaintiff Felix, in English and in Spanish (Plaintiff Felix's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

76. As a result of Defendants' failure to provide Plaintiff Felix with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

77. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

78. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and NYLL by, *inter alia*, not paying them the wages they were owed for the hours they worked.

79. Defendants paid Plaintiffs a fixed amount per shift or per day that did not account for the number of hours they actually worked, and that fell below the applicable New York City minimum wage.

80. Defendants paid Plaintiffs their wages in cash, every two weeks, without any accompanying statement of hours worked or wages paid.

81. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

85. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

86. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

87. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

88. Plaintiffs bring their FLSA minimum wage, overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

89. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

90. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

95. Defendants, in violation of 29 U.S.C. § 206(a), failed to pay Plaintiff Valle any wages for the hours he worked during his first two weeks of employment.

96. Defendants' failure to pay Plaintiff Valle the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97. Plaintiff Valle was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

104. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

105. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106. Plaintiffs were damaged in an amount to be determined at trial.

**<u>FOURTH CAUSE OF ACTION</u>**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

107. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

111. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

113. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

114. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

115. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

117. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

118. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT OF WAGES PROVISIONS OF THE NEW YORK LABOR LAW

119. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120. At all times relevant to this action, Plaintiffs were manual workers within the meaning of NYLL § 190(4).

121. Defendants, in violation of NYLL § 191(1)(a), failed to pay Plaintiffs their wages weekly and not later than seven calendar days after the end of the week in which those wages were earned, and instead paid Plaintiffs every two weeks.

122. Defendants, in violation of NYLL § 191(1)(a), failed to pay Plaintiff Valle any wages for his first two weeks of work.

123. As a result of Defendants' failure to timely pay Plaintiffs their wages, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 191.

124. Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

125. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valle;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the timely payment of wages provisions of the NYLL, including NYLL § 191, as to Plaintiffs;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(m) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation under the NYLL as applicable, and for their unpaid and untimely paid wages pursuant to NYLL §§ 191 and 198;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable, and liquidated damages pursuant to NYLL §§ 198(1-a) and 198(3);

(p) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 6, 2026

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: /s/ *Michael Faillace*
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


**BY HAND**

TO: Clerk of Court

**CONSENT TO BECOME A PARTY PLAINTIFF**
**CONSENTIMIENTO PARA SER PARTE DEMANDANTE**

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Sumo Restaurant and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Sumo Restaurant y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Maikel Manuel Felix Reyes<br>2477 Grand Avenue, Apt. 1C, Bronx, NY 10468 |
| **Signature / Firma:** | MF-R |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 4, 2026 |

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

**BY HAND**

TO: Clerk of Court

**CONSENT TO BECOME A PARTY PLAINTIFF**
**CONSENTIMIENTO PARA SER PARTE DEMANDANTE**

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Tsumo Omakase and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Tsumo Omakase y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Arturo Valle Mendoza<br>1906 Coney Island Avenue, Apt. 3F, Brooklyn, NY 11230 |
| **Signature / Firma:** | Arturo Valle |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | October 30, 2026 |